July 11, 2007

Mr. Matthew A. Lamberti
Assistant U.S. Attorney
U.S. Department of Justice
150 Almaden Blvd.
Suite 900
San Jose, CA  95113-2009

**Re:  Discovery Request (*United States v. Daly*, CR 07-00282 RMW)**

Dear Mr. Lamberti:

　　The Defendant, Michael A. Daly, requests the production of all materials and information, which the government must disclose in accordance with the Federal Rules of Criminal Procedure 16(a) and (c), the Federal Rules of Evidence, and the Local Civil and Criminal Rules of the District Court for the Northern District of California.

**1.**　　Defendant's Statements [FRCrP 16(a)(1)(A) and 16(a)(1)(B)]

(A)  Please disclose the substance of any relevant oral statements made by the Defendant, prior to or after his arrest on February 27, 2007, in response to his interrogation by a person whom the Defendant knew was a government agent if the government intends to use the statements at trial.  In complying with this request, please reduce all relevant oral statements made by the Defendant to writing.

(B)  Please disclose and make available for inspection, copying, or photographing all of the following:

　　(i)  All relevant written or recorded statements by the Defendant within the government's possession, custody or control of the statement, and which the government attorney knows, or through due diligence could know, that the statement exists.

Matthew Lamberti
U.S. Attorney General's Office
June 19, 2007
Page 2

(ii) The portion of any written record containing the substance of any relevant oral statement made by the Defendant, prior to or after his arrest on February 27, 2007, in response to his interrogation by a person whom the Defendant knew was a government agent.  In complying with this request, please ask the investigating or prosecuting law enforcement agencies involved in this case to search its files and produce all of the agent[s]'s typed and handwritten notes on the Defendant's interrogation and from which the agents generated computer reports or notes. Please inform agents to provide notice to Defendant's counsel before contacting the Defendant.

(iii) The Defendant's entire grand jury testimony relating to the charged offenses.

**2.      The Defendant's Prior Record [FRCrP 16(a)(1)(D)].**

Please provide a copy of the Defendant's prior criminal record that is within the government's possession, custody or control if the attorney for the government knows or through due diligence could know, that the record exists.  This request includes the Defendant's entire criminal record, including all arrests and offenses regardless of conviction or severity and includes all matters that may affect the Defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

**3.      Documents and Objects [FRCrP 16(a)(1)(E)].**

Please provide for inspection, copying or photographing books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the items are within the government's possession, custody and control, and relate to any of the following:

(A)  The item is material to preparing the Defendant's defense.

(i) Relevant to the Defendant's wire fraud defense as to the use of wires to defraud, please identify and produce all relevant items, including but not limited to documents relating to the creation, purchase or obtaining of e-mail accounts from which the Defendant allegedly made service requests to Cisco.

(ii) Relevant to the Defendant's wire fraud defense as to the use of wires to defraud, please identify and produce all relevant items, including but not limited to documents relating to the IP address[es] from which the Defendant allegedly submitted service requests to Cisco.

2

Matthew Lamberti
U.S. Attorney General's Office
June 19, 2007
Page 3

(iii) Relevant to the Defendant's wire fraud defense as to the scheme and intent to defraud, please identify and produce all relevant items, including but not limited to documents relating to the contracts and/or agreements between Cisco and the Defendant on behalf of DRG concerning the provision of Cisco services as an authorized channel.

(iv)  Relevant to the Defendant's wire fraud defense as to the scheme and intent to defraud, please identify and produce all relevant items, including but not limited to the objects, devices, and components shipped by the Defendant from Digital Resources Group, Inc. ("DRG") to Cisco after the Defendant had reported such items as defective.

(v)  Relevant to the Defendant's wire fraud defense as to the scheme and intent to defraud, please identify and produce all relevant items, including but not limited to all SMARTnet contracts or agreements providing coverage for components owned by the Defendant.

(vi)  Relevant to the Defendant's wire fraud defense as to the scheme and intent to defraud, please identify and produce all of the relevant objects, including but not limited to mobile tracking devices and documents, e-mails, directives, shipping slips, and tracking labels relating to the tracking of a Cisco component (product number WS-X4516, serial number JAB084203LP) shipped from Cisco on February 16, 2007 to Peter Buckner of Cardinal Technologies, to the Defendant at DRG and then to NovaDataCom at 7410 Adams Park Court, Annandale, Virginia.

(vii)  Relevant to the Defendant's wire fraud defense as to the scheme and intent to defraud, please identify and produce all relevant items, including but not limited to all documents relating to the Defendant's purchase, obtainment or use of private postal boxes from retail stores such as Mail Boxes, Etc. ("MBE") or United Parcel Services ("UPS").

(viii)  Relevant to the Defendant's wire fraud defense as to the scheme and intent to defraud, please identify and produce all relevant items and documents, including but not limited to reports, e-mails, policies and directives relating to Cisco's efforts to prevent SMARTnet fraud and/or its measures to bolster its SMARTnet program against fraud.

(ix)  Relevant to the Defendant's wire fraud defense as to the scheme and intent to defraud, please identify and produce all relevant documents, including and not limited to reports, e-mails, policies and directives relating to Cisco's internal investigation of the alleged fraud by the Defendant and/or his alter egos against Cisco.

3

Matthew Lamberti
U.S. Attorney General's Office
June 19, 2007
Page 4

(x)  Relevant to the Defendant's defense to the charge of aiding and abetting wire fraud, please identify and produce all relevant items and/or documents, including but not limited to e-mails, directives, and internal memos between the Defendant and DRG employees about communicating with Cisco regarding defective parts, making service requests, requesting and receiving advanced replacements, and the sale of advanced replacements.

(xi)  Relevant to the Defendant's money laundering defense as to transactions derived from specified unlawful activity, please identify and produce all relevant documents, including but not limited to bank records, cancelled checks, wire transmission confirmations or receipts relating to the receipt or deposit of checks or money orders in the amount of $10,000 or greater by or to the Defendant.

(xii)  Relevant to the Defendant's money laundering defense as to transactions derived from specified unlawful activity, please identify and produce all relevant items, including but not limited to bank records, cancelled checks, wire transmission confirmations or receipts relating to the purchase or payment of products or services by the Defendant.

(xiii) Relevant to the Defendant's defense to the charge of aiding and abetting wire fraud, please identify and produce all relevant items, including but not limited to financial or bank records and documents between the Defendant and DRG employees and/or banking personnel relating to the deposit or withdrawal of funds in the amount of $10,000 or greater relating to the sale of Cisco components.

(B)  The government intends to use the item in its case-in-chief at trial.

(i)  Please produce the government's trial exhibit list at a reasonable time prior to the trial.

(ii)  Pursuant to FRCrP 12(b)(4)(B), the Defendant also asks that the government provide notice and identify evidence it intends to use that may be subject to suppression prior to trial.

(iii)  Please produce any of the relevant documents and objects, as requested in Defendant's Discovery Request 3(A)(i) through (xiii).

(C)  The item was obtained from or belongs to the Defendant.

Matthew Lamberti
U.S. Attorney General's Office
June 19, 2007
Page 5

(i)  Pursuant to the Search Warrant issued on February, 27, 2007, please produce the relevant documents and objects that were obtained from the Defendant, including but not limited to computer equipment and data, computer storage devices (i.e. hard disks, flash drives, magnetic and optical disks), hardware, software, storage media, computer systems's input/output peripheral devices and computer-related documentation.

(ii)  Please produce any of the relevant documents and objects that were obtained from or belonged to the Defendant as requested in Defendant's Discovery Request 3(A)(i) through (xiii).

**4.       Reports of Examinations and Tests [FRCrP 16(a)(1)(F)].**

Please provide for inspection, copying or photographing the results or reports of any physical or mental examination and of any scientific test or experiment if such materials are within the government's possession, custody, or control; and the attorney for the government knows or through due diligence could know that such items exist; and that the item is material to the defense or the government intends to use such material in its case-in-chief at trial.  If there are relevant oral results of any examinations or test, please reduce the oral results and produce the results in writing.

**5.       Expert Witnesses [FRCrP 16(a)(1)(G)].**

Please provide written summary of any testimony that the government intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial.  In complying with this request, please describe the witness's opinions, the bases and reasons for those opinions, and the witness' qualifications.

**6.       Other Offense Evidence [FRE 404(b)].**

Please provide notice of any "other offense" evidence which you intend to use in your case-in-chief.  Should you use "other offense" evidence during rebuttal at trial, please produce and identify such evidence separately.

**7.       Summary Witness or Charts [FRE 1006].**

If the government intends to call a summary witness at trial or present evidence in the form of a chart, please produce at a reasonable time prior to trial all of the original documents or tape recordings on which such testimony or chart is based.

Matthew Lamberti
U.S. Attorney General's Office
June 19, 2007
Page 6

**8.      Brady/Giglio material.**

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), please produce at a reasonable time prior to trial any exculpatory evidence material to the guilt or punishment of the Defendant, including impeachment evidence or information.  Should you have a question with regard to whether certain information constitutes *Brady/Giglio* material, please present the information to the court, with notice to the Defendant, for *in camera* review to resolve these issues.  This request includes any documents or items listed in Discovery Request 3(A)(i) through (xiii).

Additionally, if you believe that any *Brady/Giglio* material also includes Jencks Act materials, please present such information to the court for *in camera* review and advise the Defendant of the general nature of the evidence.  Please produce all *Brady/Giglio* material not covered by the Jencks Act at a reasonable time prior to trial.

**9.      Jencks Act material.**

The Defendant requests that the government produce Jencks Act material within a reasonable time prior to the day of a witness' direction examination.

**10.      Sentencing Information.**

The Sentencing Commission has encouraged prosecutors prior to the entry of a plea of guilty to disclose to a defendant the facts and circumstances of the offense and offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines.  U.S.S.G. § 6B1.2, p.s. comment.  To insure that my client can make an informed and intelligent decision regarding the possible or probable consequences of pleading guilty or requesting a trial, I request that you advise me of any facts and circumstances presently known to the government or reasonably discoverable, that relate to sentencing issues under the sentencing guidelines, or to the calculation of the applicable sentencing guidelines range, should my client be convicted of any one or more of the charges in the Indictment.

More specifically, I request that as soon as possible you provide me with the following information as to this case:

- What guidelines does the government contend are applicable?
- What aggravated offense characteristics, if any, does the government contend are applicable?
- What adjustments, if any, does the government contend are applicable?
- Upon what grounds, if any, will the government seek a departure from the guidelines?
- What criminal history category does the government contend is applicable?

Matthew Lamberti
U.S. Attorney General's Office
June 19, 2007
Page 7

I am requesting any information that would bear upon computation of the following sentencing guideline factors:

- Base offense level
- Specific offense characteristics
- Relevant conduct
- Adjustments or criminal history

I also request any guilt-related *Brady* information that is favorable to my client and material to the court's determination of a sentence under the sentencing guidelines in the event of a plea of guilty or conviction.

Pursuant to your continuing duty to disclose information, immediately advise me of new information as it becomes available.  If you have any questions regarding the nature of the requests contained in this discovery letter, please contact me.  I look forward to your early response.

Thank you for your attention to this matter.  Should you have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

Douglas I. Louison