No. _____ CR-07-0028 - RMW

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

FILED

2009 FEB 11 P 2: 24

EDWARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

SEALED BY ORDER
OF THE COURT

## THE UNITED STATES OF AMERICA

*vs.*

### MICHAEL A. DALY and
### DAMIAN PRESCOTT

## SUPERSEDING INDICTMENT

| | |
|---|---|
| **Count One:** | 18 U.S.C. §§ 371 and 2 - Conspiracy to Commit Mail Fraud and Wire Fraud; Aiding and Abetting; |
| **Counts Two-Thirty:** | 18 U.S.C. §§ 1343 and 2 - Wire Fraud; Aiding and Abetting |
| **Counts Thirty - Thirty- five:** | 18 U.S.C. §§ 1957 and 2 - Money Laundering; Aiding and Abetting |

*A true bill.*

*Ramona Wills*

*Foreperson*

*Filed in open court this* __11th__ *day of* __February__

*A.D.* 2009

*United States Magistrate Judge*

| DOCUMENT NO. | CSA's INITIALS |
|---|---|
| 55 | e |
| DISTRICT COURT CRIMINAL CASE PROCESSING | |

*Bail. $* _____

NO PROCESS REQUIRED as to Daly.

NO BAIL ARREST WARRANT as to Prescott

RW

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

**FILED**

2009 FEB 11 P 2: 24

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**SEALED BY ORDER
OF THE COURT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL A. DALY, and <br> DAMIAN PRESCOTT, <br><br> Defendants. | No. **CR-07-00282-RMW** <br><br> VIOLATIONS: 18 U.S.C. § 371-Conspiracy to Commit Wire Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C.  § 1957–Money Laundering; 18 U.S.C. § 2 – Aiding and Abetting; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Forfeiture; 18 U.S.C. § 982(a)(1)–Forfeiture <br><br> SAN JOSE VENUE |

S U P E R S E D I N G   I N D I C T M E N T

The Grand Jury charges:

BACKGROUND

At all times relevant to this Indictment:

1.      Data Resource Group, Inc. ("DRG") was based in Salisbury, Massachusetts, and was engaged in the business of reselling networking equipment manufactured and sold by Cisco Systems, Inc. ("Cisco"). DRG's business address was 5C Fanaras Drive, Salisbury, Massachusetts 01952. DRG also did business through its website www.dataresourcesgroup.com.

2.      Defendant Michael A. Daly was President of DRG.

3.      Defendant Damian Prescott was an employee of DRG.

4.      Cisco was based in San Jose, California, and was a leading manufacturer and

INDICTMENT

1   seller of networking equipment and services.

2        5.      Mail Boxes Etc. ("MBE"), a United Parcel Service ("UPS") company, and UPS

3   had retail service locations throughout the United States. UPS's retail service locations were

4   known as UPS Stores. MBEs and UPS Stores permitted customers to obtain a private mailbox

5   with a real street address, 24-hour access to mail and package deliveries, and services such as

6   packaging receiving, notification, holding, and forwarding.

7        6.      Among other things, Cisco sold SMARTnet service contracts on equipment that

8   allowed the end user to obtain technical support and advance replacement parts for the covered

9   equipment from Cisco. "Advance replacement" allowed end users to obtain replacement parts

10  from Cisco immediately, without having first to return the failed and defective part. SMARTnet

11  contracts were not transferable, and were for the benefit of the original end user. Once the

12  covered product was transferred to another party, any SMARTnet contract associated with the

13  part was removed from coverage. The new owner of the part had the option to register the part

14  with Cisco and obtain a new SMARTnet contract after the part was inspected and relicensed.

15       7.      To provide technical support and advance replacement under SMARTnet

16  contracts, Cisco had a service request ("SR") system that allowed customers to contact Cisco and

17  obtain assistance with regard to defective and inoperative parts. A customer initiated an SR by

18  phone and by creating an account on Cisco Connection Online ("CCO"), a web-based customer

19  support application. To do so, the customer created an account on CCO, obtained a username,

20  and logged in to provide the SMARTnet contract number, serial number on the chassis of the

21  equipment covered by that SMARTnet contract, and a written explanation of the problem. SRs

22  were made through Cisco's Technical Assistance Center ("TAC").

23       8.      Service engineers at the TAC engaged in a verbal and electronic written dialogue

24  with the customer in an attempt to resolve the issue, following a standardized series of resolution

25  attempts. If this protocol did not resolve the issue, the part was deemed failed and defective, and

26  the service engineer would issue a return material authorization ("RMA") number by which

27  Cisco tracked the advance-shipped replacement part.

28       9.      Once an RMA was authorized, Cisco shipped the replacement part, typically using

INDICTMENT                              2

Federal Express, along with a preaddressed, prepaid United Parcel Service or Federal Express label and package for the failed and defective part to be returned. Cisco required the end user to send back the failed and defective equipment within 30 days. The status of the RMA was monitored through the internet and by phone, and communications concerning the RMA were made through the internet and by phone.

COUNT ONE:          (18 U.S.C. §§ 371 – Conspiracy to Commit Wire Fraud)

10.     The factual allegations in paragraphs 1 through 9 are re-alleged and incorporated herein as if set forth in full.

11.     Beginning on a date unknown, but by no later than in or about June 2003, and continuing to in or about February 2007, in the Northern District of California and elsewhere, the defendants

MICHAEL A. DALY, and<br>DAMIAN PRESCOTT

and others known and unknown to the Grand Jury, knowingly and intentionally combined, conspired, and agreed to commit mail fraud and commit wire fraud in violation of Title 18, United States Code, Sections 1341 and 1343.

MANNER AND MEANS OF THE CONSPIRACY

12.     The gist of the conspiracy and scheme and artifice was that the defendants submitted fraudulent SMARTnet service contract claims to Cisco in order to receive "replacement" parts to which they were not entitled. The defendants then sold those fraudulently obtained "replacement" parts to downstream customers and profited from those sales.

13.     It was part of the conspiracy that defendants, at times directly and at other times through their employees and co-workers, created fictitious personal names and company names, and used those names to create email accounts at different email providers. Using these fictitious names, defendants obtained private mailboxes at UPS Stores and MBEs in different states. Defendants would then instruct employees at each UPS Store and MBE to forward overnight any packages received at the mailbox to DRG's business address, 5C Fanaras Drive, Salisbury, Massachusetts 01952.

14.     It was further part of the conspiracy that defendants contacted Cisco through the

INDICTMENT                                            3

Internet, falsely posing as representatives of fictitious companies, and claiming that they had a
failed and defective Cisco part covered by SMARTnet. They provided Cisco with an apparently
valid SMARTnet contract number and the serial number of the chassis of the supposedly failed
and defective part. In addition, the defendants falsely listed the various steps they claimed they
had done to troubleshoot the part, in order to induce Cisco to send him a replacement overnight.
The defendants would provide a street address for the fictitious business that appeared to be
legitimate but was in fact a private mailbox at either a UPS Store or MBE.

15.   It was further part of the conspiracy that the defendants, at times directly and at
other times through their employees and coworkers, caused Cisco to create an RMA and to mail
the defendants a "replacement" part to replace the supposedly failed and defective part covered
by the SMARTnet contract. Usually the same day, Cisco shipped that "replacement" part to the
address the defendants provided for the fictitious company, through a commercial interstate
carrier, typically Federal Express. Once the "replacement" part arrived at the address, which was
in actuality a private mailbox, the UPS Store or MBE that owned the mailbox would forward the
part to DRG at 5C Fanaras Drive, Salisbury, Massachusetts 01952.

16.   It was further part of the conspiracy that, even though SMARTnet contracts
required defendants to return the failed and defective part about which they had contacted Cisco,
no part was returned.

17.   It was further part of the conspiracy that the defendants, at times directly and at
other times through their employees and coworkers, sold the "replacement" part, usually before
causing Cisco to send the part and at other times shortly after causing Cisco to send the part. The
defendants sometimes sold "replacement" parts they planned to obtain and did obtain through the
scheme and artifice to customers for $10,000 or less and at other times for more than $10,000.
After selling a "replacement" part to a customer, the defendants received payment from the
customer, typically in the form of a check. The defendants then deposited the payment in DRG's
bank account. Once a "replacement" part arrived, the defendants shipped it to the customer,
typically using Federal Express.

INDICTMENT                                    4

<u>OVERT ACTS COMMITTED IN FURTHERANCE OF THE CONSPIRACY</u>

18.     In furtherance of the conspiracy and to affect the objects thereof, at least one of the co-conspirators committed and caused to be committed in the Northern District of California and elsewhere, at least one of the following overt acts:

a.     The overt acts listed in counts 2 through 30 of this indictment, with each count being adopted and re-alleged as a separate overt act.

All in violation of Title 18, United States Code, Sections 371.

<u>COUNTS TWO THROUGH THIRTY</u>:     (18 U.S.C. §§ 1343 and 2–Wire Fraud; Aiding and Abetting)

19.     The factual allegations in paragraphs 1 through 9 are re-alleged and incorporated herein as if set forth in full.

<u>THE SCHEME TO DEFRAUD</u>

20.     Beginning on a date unknown, but by no later than in or about June 2003, and continuing to in or about February 2007, in the Northern District of California and elsewhere, the defendants

MICHAEL A. DALY, and<br>DAMIAN PRESCOTT

knowingly, and with the intent to defraud, devised and intended to devise, and participated in, a material scheme and artifice to defraud Cisco as to a material matter and to obtain money and property by means of material false and fraudulent pretenses, representations and promises, and the concealment of material facts by repeatedly creating fictitious names, using these fictitious names to rent private mailboxes around the United States, associating the fictitious names and particular Cisco parts with SMARTnet contracts, contacting Cisco under the guise of the fictitious names, falsely and fraudulently informing Cisco that parts supposedly covered by SMARTnet were failed and defective and needed to be replaced, causing Cisco to send "replacement" parts to private mailboxes they rented using fictitious names, failing to return any part to Cisco, and selling the "replacement" parts to customers.

21.     The manner and means of the conspiracy in paragraphs 12 through 17 are adopted

INDICTMENT                          5

and re-alleged in their entirety as the manner and means of the scheme and artifice to defraud.

<u>THE USE OF THE WIRES</u>

22.     Among other transmittals, on or about the dates listed below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendants

MICHAEL A. DALY, and
DAMIAN PRESCOTT

knowingly transmitted and caused to be transmitted, in interstate and foreign commerce, by means of wire communications, certain writings, signs, and signals, that is, transmissions from Massachusetts to a server at Cisco in San Jose, California, as set forth in the counts below:

| Count | Date | Wire Communications |
|---|---|---|
| 2 | 12/14/04 | Service Request 600779901 |
| 3 | 12/15/04 | Service Request 600787046 |
| 4 | 2/23/07 | Service Request 605446589 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

23.     Among other transmittals, on or about the dates listed below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendant

MICHAEL A. DALY

knowingly transmitted and caused to be transmitted, in interstate and foreign commerce, by means of wire communications, certain writings, signs, and signals, that is, transmissions from Massachusetts to a server at Cisco in San Jose, California, as set forth in the counts below:

| Count | Date | Wire Communication |
|---|---|---|
| 5 | 6/13/04 | Service Request 600238347 |
| 6 | 10/1/04 | Service Request 600569010 |
| 7 | 10/18/04 | Service Request 600615004 |
| 8 | 11/2/04 | Service Request 600661187 |

INDICTMENT                                    6

| 9 | 11/28/04 | Service Request 600734291 |
| 10 | 12/08/04 | Service Request 600766200 |
| 11 | 4/1/05 | Service Request 601084795 |
| 12 | 4/25/05 | Service Request 601178683 |
| 13 | 1/1/06 | Service Request 602711755 |
| 14 | 1/6/06 | Service Request 602744493 |
| 15 | 1/19/06 | Service Request 602822881 |
| 16 | 1/24/06 | Service Request 602849911 |
| 17 | 1/26/06 | Service Request 602865657 |
| 18 | 1/28/06 | Service Request 602883313 |
| 19 | 1/31/06 | Service Request 602893677 |
| 20 | 2/8/06 | Service Request 602956549 |
| 22 | 2/21/06 | Service Request 603034271 |
| 22 | 5/8/06 | Service Request 603518607 |
| 23 | 6/9/06 | Service Request 603737705 |
| 24 | 7/17/06 | Service Request 603967397 |
| 25 | 2/16/07 | Service Request 605399701 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

24.     Among other transmittals, on or about the dates listed below, in the Northern District of California and elsewhere, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, the defendant

DAMIAN PRESCOTT

knowingly transmitted and caused to be transmitted, in interstate and foreign commerce, by means of wire communications, certain writings, signs, and signals, that is, transmissions from Massachusetts to a server at Cisco in San Jose, California, as set forth in the counts below:

| Count | Date | Wire Communications |
|---|---|---|
| 26 | 10/22/06 | Service Request 604644927 |
| 27 | 10/25/06 | Service Request 604664617 |
| 28 | 11/22/06 | Service Request 604858243 |
| 29 | 12/19/06 | Service Request 605025701 |

INDICTMENT                                    7

| 30 | 2/19/07 | Service Request 605416507 |
|---|---|---|

All in violation of Title 18, United States Code, Sections 1343 and 2.

<u>COUNTS THIRTY-ONE THROUGH THIRTY-SIX</u>:     (18 U.S.C. §§ 1957 and 2–Money
Laundering; Aiding and Abetting)

25.    The factual allegations in paragraphs 1 through 9 and paragraphs 12 through 17, including the scheme to defraud described paragraph 20, are re-alleged and incorporated herein as if set forth in full.

26.    Among other transactions, on or about the dates set forth in counts below, in the Northern District of California and elsewhere, the defendant

MICHAEL A. DALY

knowingly engaged in monetary transactions by and through a financial institution, in and affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, deposits and transfers of funds in the approximate amounts set forth in the counts below, more than $10,000 of such funds having been derived from a specified unlawful activity, that is, wire fraud:

| Count | Date | Monetary Transaction | Amount |
|---|---|---|---|
| 31 | On or about 9/15/06 | Deposit and transfer of funds by check from Wells Fargo bank account to Eastern Bank account | $45,800 |
| 32 | On or about 10/5/06 | Deposit and transfer of funds by check from Bank of America account to Eastern Bank account | $26,000 |
| 33 | On or about 10/18/06 | Deposit and transfer of funds by check from Virginia Commerce Bank account to Eastern Bank account | $46,100 |
| 34 | On or about 12/7/06 | Deposit and transfer of funds by check from Virginia Commerce Bank account to Eastern Bank account | $38,900 |

INDICTMENT                                    8

| 35 | On or about 12/26/06 | Deposit and transfer of funds by check from Wells Fargo bank account to Eastern Bank account | $62,300 |
| 36 | On or about 1/3/07 | Deposit and transfer of funds by check from Bank of America account to Eastern Bank account | $45,500 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

FIRST FORFEITURE ALLEGATION:      (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

27.     The factual allegations contained in paragraphs 1 through 9, paragraphs 11 through 17, and Counts One through Thirty of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

28.     Upon conviction of any of the offenses alleged in Counts One through Thirty of this Indictment, the defendants

MICHAEL A. DALY, and
DAMIAN PRESCOTT

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property constituting, and derived from, proceeds the defendants obtained, directly or indirectly, as the result of said violations, including but not limited to the following property:

a.     a sum of money equal to the total amount of proceeds defendants derived from the commission of said offenses.

29.     If, as a result of any act or omission of the defendants, any of said property

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property that cannot be divided without

INDICTMENT                                          9

1    difficulty,

2    any and all interest the defendants have in any other property, up to the value of the property

3    described in paragraph 28 above, shall be forfeited to the United States pursuant to Title 21,

4    United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

5    2461(c).

6    SECOND FORFEITURE ALLEGATION:   (18 U.S.C. § 982(a)(1))

7        30.    The factual allegations contained in paragraphs 1 through 9, paragraphs 11

8    through 17, and Counts Thirty-One through Thirty-Six of this Indictment are hereby re-alleged

9    and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to

10   the provisions of Title 18, United States Code, Section 982(a)(1).

11       31.    Upon conviction of any of the offenses alleged in Counts Thirty-One through

12   Thirty-Six of this Indictment, the defendant

13                    MICHAEL A. DALY

14   shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1), all

15   right, title, and interest in property, real and personal, involved in said violations, or any property

16   traceable to such property, including but not limited to the following:

17       a.    all commissions, fees, and other property constituting proceeds of said

18             offenses;

19       b.    all property used in any matter to commit or facilitate the commission of

20             said offenses;

21       c.    a sum of money equal to the total amount of money involved in the

22             commission of said offenses.

23   32.   If, as a result of any act or omission of the defendant, any of said property

24       a.    cannot be located upon the exercise of due diligence;

25       b.    has been transferred or sold to or deposited with, a third person;

26       c.    has been placed beyond the jurisdiction of the Court;

27       d.    has been substantially diminished in value; or

28       e.    has been commingled with other property that cannot be divided without

INDICTMENT                    10

1        difficulty,

2    any and all interest the defendant has in any other property, up to the value of the property

3    described in paragraph 31 above, shall be forfeited to the United States pursuant to Title 21,

4    United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

5    982(b)(1).

6    DATED: 2/11/09                                              A TRUE BILL.

7

8                                                              FOREPERSON

9
     JOSEPH P. RUSSONIELLO
10   United States Attorney

11

12
     MATTHEW A. PARRELLA
13   Chief, San Jose Branch Office

14

15
     (Approved as to form:
16                      AUSA RICHARD CHENG

17

18

19

20

21

22

23

24

25

26

27

28

     INDICTMENT                            11

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT
                                 ☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

**FILED**

### OFFENSE CHARGED

SEE ATTACHMENT TO PENALTY SHEET

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

SEALED BY ORDER
OF THE COURT

PENALTY:  SEE ATTACHMENT

2009 FEB 11 P 2 24

### ─ DEFENDANT - U.S

▶ Michael A. Daly

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
DISTRICT COURT NUMBER NO. DIST. OF CA, S.J.

CR- 07- 00282- RMW

### DEFENDANT

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
   summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction          } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes    If "Yes"
been filed?    ☐ No      give date
                         filed
DATE OF                  Month/Day/Year
ARREST        ▶
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED         Month/Day/Year
TO U.S. CUSTODY ▶

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI Special Agent Edmund Ewing

☐ person is awaiting trial in another Federal or State Court,
   give name of court

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion
   of:
   ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
   pending case involving this same
   defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this
   defendant were recorded under

Name and Office of Person
Furnishing Information on this form    JOSPEH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      Richard Cheng

☐ This report amends AO 257 previously submitted

### ─ ADDITIONAL INFORMATION OR COMMENTS ─

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT        Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____        Before Judge: _____

Comments:                          Λ1

SUPERSEDING INDICTMENT

United States v. Michael A. Daly and Damian Prescott

ATTACHMENT TO PENALTY SHEET

Defendant:   **Michael A. Daly**

Count 1:      18 U.S.C. § 371 - Conspiracy To Commit Wire Fraud

>    Maximum Penalties:
>    5 years imprisonment
>    $250,000 fine (or twice the gross gain or loss)
>    3 years of supervised release
>    $100 mandatory special assessment

Counts 2 - 25: 18 U.S.C. §§ 1343 and 2 - Wire Fraud; Aiding and Abetting

>    Maximum Penalties:
>    20 years imprisonment
>    $250,000 fine (or twice the gross gain or loss)
>    3 years supervised release
>    $100 mandatory special assessment per count

Counts 31 - 36: 18 U.S.C. §§ 1957 and 2 - Money Laundering ; Aiding and Abetting

>    Maximum Penalties:
>    10 years imprisonment
>    $250,000 (or twice the amount of the criminally derived property involved in the transaction)
>    $100 mandatory special assessment per count

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT   ☒ SUPERSEDING

─── OFFENSE CHARGED ───

18 U.S.C. § 371 - Conspiracy to Commit Wire Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: SEALED BY ORDER OF THE COURT

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

FILED
2009 FEB 11 P 2: 25

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA. S.J.

─── DEFENDANT - U.S ───

▶ Damian Prescott

DISTRICT COURT NUMBER

TO BE SEALED   CR-07-00282-RMK

─── PROCEEDING ───

Name of Complainant Agency, or Person (& Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY   ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO

☒ U.S. Attorney   ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Richard Cheng

─── DEFENDANT ───

IS *NOT* IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?   ☐ Yes   ☐ No
If "Yes" give date filed

DATE OF ARREST ▶
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶
Month/Day/Year

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS   ☐ NO PROCESS*   ☒ WARRANT

If Summons, complete following:
☐ Arraignment   ☐ Initial Appearance

Defendant Address:

Comments:   TO BE SEALED

Bail Amount:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

A2

SUPERSEDING INDICTMENT

United States v. Michael A. Daly and Damian Prescott

ATTACHMENT TO PENALTY SHEET


Defendant:   **Damian Prescott**

Count 1:     18 U.S.C. § 371 - Conspiracy To Commit Wire Fraud

    Maximum Penalties:
    5 years imprisonment
    $250,000 fine (or twice the gross gain or loss)
    3 years of supervised release
    $100 mandatory special assessment

Counts 2 - 4 and 26 - 30:     18 U.S.C. §§ 1343 and 2 - Wire Fraud; Aiding and
                                         Abetting

    Maximum Penalties:
    20 years imprisonment
    $250,000 fine (or twice the gross gain or loss)
    3 years supervised release
    $100 mandatory special assessment per count

SEALED BY ORDER
OF THE COURT

FILED

2009 FEB 11 P 2: 24

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| IN RE: INDICTMENT OF MICHAEL A. DALY and DAMIAN PRESCOTT FEBRUARY 11, 2009 | No. CR- 07- 00282-RMW<br><br>**ORDER OF THE COURT<br>SEALING INDICTMENT** |

Based on good cause appearing in the above-named Indictment, it is hereby ordered that the

Indictment, Penalty Sheet and Ballot in the above-entitled case be sealed until further order of the

court.

**IT IS SO ORDERED.**

DATED: February 11, 2009

RICHARD SEEBORG
United States Magistrate Judge
Northern District of California

SEALING ORDER

| DOCUMENT NO | CSA's INITIALS |
|---|---|
| 56 | |
| DISTRICT COURT CRIMINAL CASE PROCESSING | |